UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Jun 09, 2009**

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ZIMMER HOLDINGS, INC.,
SECURITIES, DERIVATIVE AND
EMPLOYEE RETIREMENT INCOME
SECURITY ACT (ERISA)  LITIGATION                                                         MDL No. 2055

**TRANSFER ORDER**

**Before the entire Panel**[*]: Common defendant Zimmer Holdings, Inc. (Zimmer) and all other defendants[1] move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the three actions listed on Schedule A in the Southern District of Indiana.  The defendants' motion encompasses two actions in the Southern District of Indiana and one action in the Northern District of Indiana.  Plaintiff in one Southern District of Indiana action does not oppose the motion, but would oppose centralization in any district other than Southern District of Indiana.  Plaintiffs in the two other actions did not respond to the motion.

After considering the argument of counsel, we find that these three actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Indiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.  All actions share factual questions arising from allegations that the defendants made materially false and misleading statements about Zimmer's business operations, financial prospects and stock price, which allegedly caused injury to investors in Zimmer securities.  Whether the actions are brought by securities holders seeking relief under the federal securities laws, a shareholder suing derivatively or participants in Zimmer's retirement savings plans suing for violations of the Employee Retirement Income Security Act of 1974, all actions can be expected to focus on a significant number of common events, defendants, and witnesses.  Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

[*] Judge Heyburn took no part in the decision of this matter.

[1] David C. Dvorak, Robert A. Hagemann, Arthur J. Higgins, Cecil B. Pickett, Stuart M. Essig, Augustus A. White, Larry C. Glassock, John L. McGoldrick, Dennis E. Cultice, Renee P. Rogers, James T. Crines, Sheryl R. Blanchard, The Benefits Committee and The Administrative Committee.

- 2 -

The Southern District of Indiana stands out as an appropriate transferee district. No party has opposed centralization in this district, and two of the three actions are already pending there. Centralization in this district also permits the Panel to effect the Section 1407 assignment to an experienced transferee judge who can steer this litigation on an expeditious course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Southern District of Indiana is transferred to the Southern District of Indiana and, with the consent of that court, assigned to the Honorable Sarah Evans Barker for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
J. Frederick Motz
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman[*] | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |

**IN RE: ZIMMER HOLDINGS, INC.,
SECURITIES, DERIVATIVE AND
EMPLOYEE RETIREMENT INCOME
SECURITY ACT (ERISA)  LITIGATION**                                MDL No. 2055

SCHEDULE A

<u>Northern District of Indiana</u>

Jonathan M. Dewald v. Zimmer Holdings, Inc., et al., C.A. No. 3:08-535

<u>Southern District of Indiana</u>

Plumbers & Pipefitters Local Union 719 Pension Fund v. Zimmer Holdings, Inc., et al.,
   C.A. No. 1:08-1041
James Hays, etc. v. David C. Dvorak, et al., C.A. No. 1:08-1108